ERIC W. MCGREW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McGrew v. Commissioner
Docket No. 2409-88.
United States Tax Court
T.C. Memo 1992-116; 1992 Tax Ct. Memo LEXIS 137; 63 T.C.M. (CCH) 2198; T.C.M. (RIA) 92116; February 25, 1992, Filed *137 An appropriate order and decision will be entered Joyce M. Resnick, for respondent. WELLS
WELLS
MEMORANDUM OPINION WELLS, Judge: This case is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121. All Rule references are to the Tax Court Rules of Practice and Procedure and, unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue. Respondent determined a deficiency in and additions to petitioner's Federal income tax for taxable year 1983: Additions to Tax
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6661
$ 140,490
$ 70,245
[1]
$ 35,123
Petitioner resided in Newport Beach, California, on the date he filed his petition in this case. In his petition, petitioner alleged that respondent erred in making the determinations set forth above, and he alleged facts to support his allegations of error. Respondent's answer denied the substantive allegations *138 of the petition and further alleged specific facts in support of his additions to tax under sections 6653(b)(1) and (2) and 6661. Respondent's answer further affirmatively alleged, in the alternative to the additions to tax for fraud, that petitioner is liable for additions to tax under sections 6651(a)(1), 6653(a)(1) and (2) for the year in issue. Respondent filed a Request for Admissions requesting that certain facts set forth therein be admitted or denied. Petitioner failed to reply to respondent's request for admissions. Under Rule 90(c), requests for admissions are deemed admitted unless an answer or objection is served on the requesting party "within 30 days after service of the request". Rules 90(c), 25(c). If the time to file responses to the requests for admissions is not extended and no answers or objections to the requests for admission are filed within the 30-day period, each request is automatically admitted without the entry of an order by the Court. ; , affd. on another issue . *139 Consequently, the facts set forth in respondent's requests are deemed admitted for purposes of the instant case. Accordingly, we adopt as our own findings the following facts deemed admitted: 1. Petitioner failed to report substantial amounts of income received by him during 1983. 2. Jovan Company paid petitioner's rent in 1983, in the total amount of $ 43,200. 3. These rental payments made by Jovan Company, minus the $ 100 exclusion for dividends, constitute constructive dividends to petitioner which were not reported on his 1983 income tax return. 4. Petitioner received $ 133,250 in 1983 from Century Concepts, Inc., which was not reported on his 1983 income tax return. 5. A Form 1099 reflecting the $ 133,250 was timely furnished to petitioner by Century Concepts, Inc. 6. Petitioner had capital gains on the sales in 1983 of two pieces of real property of $ 108,329 which were not reported on his 1983 income tax return. 7. Taxable income received from sale of the two pieces of real property total $ 43,332, which was not reported by petitioner on his 1983 income tax return. 8. Petitioner received $ 37,500 of interest income from Congregational Church of Human Morality *140 which he did not report on his 1983 return. 9. Petitioner failed to report income of $ 258,182 on his 1983 income tax return. 10. Petitioner claimed false and fraudulent deductions on his 1983 income tax return. 11. Petitioner claimed Schedule C expenses for distribution expenses and lease expenses in connection with a fraudulent and abusive tax shelter, promoted by petitioner. 12. Although petitioner's correct taxable income was $ 309,892, petitioner reported a taxable income of $ 32,602. Petitioner later filed a Form 1040X which was not accepted by the respondent, claiming a taxable income of only $ 6,434. 13. Petitioner's filing of a false return for the taxable year 1983, was fraudulent and with the intent to evade tax. 14. Petitioner failed to maintain complete and accurate records of his income producing activities and failed to produce complete and accurate records to respondent in connection with his 1983 income tax. 15. The failure to maintain and produce books and records was fraudulent and with the intent to evade tax. 16. Petitioner used nominees and aliases to conceal income and evade tax. 17. Petitioner understated his taxable income for 1983 in the *141 amount of $ 277,290. 18. Petitioner understated his income tax liability on his 1983 income tax return. 19. A part of the deficiency in 1983 is due to fraud with the intent to evade tax. 20. The income tax return of petitioner for the taxable year 1983 was due to be filed on or before April 15, 1984. 21. The income tax return of petitioner was filed on November 19, 1984, which date is 8 months or fractions thereof after the due date for such return and with respect to which no further extension of time was sought from, nor granted by, respondent.
Respondent filed the instant motion for summary judgment and petitioner was ordered to file a response, but petitioner failed to do so. Under Rule 121, a summary adjudication may be made "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). The party opposing the motion cannot rest upon the allegations or denials in his pleadings, but must "set forth specific facts showing that there is a genuine issue for *142 trial." Rule 121(d). We have stated: "The moving party, however, bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing the summary judgment." . The determinations, other than the fraud additions, made by respondent in his notice of deficiency in the instant case are presumed correct and the burden is on petitioner to show that such determinations are incorrect. Rule 142(a). As petitioner has failed to respond to the instant motion, we find that no genuine issue of material fact exists as to respondent's deficiency determination and addition to tax for substantial understatement. Accordingly, respondent is entitled to a decision with respect such determinations as a matter of law. . Respondent bears the burden of proof as to the additions to tax for fraud, and he must carry that burden by clear and convincing evidence. Sec. 7454(a); Rule 142(b). Summary judgment is appropriate if respondent's affirmative allegations of fraud are supported *143 by deemed admissions. ; . Moreover, as petitioner has failed to respond to the instant motion, petitioner is in default and entry of a default decision would be appropriate if respondent's allegations of fact, which are taken to be true by petitioner's default, would support a finding of fraud. , affd. . In order to impose the fraud addition, respondent must establish, by clear and convincing evidence, that an underpayment of tax occurred in each taxable year in issue and that a portion of each such underpayment was due to fraud. Sec. 7454(a); Rule 142(b); ; . Based on the foregoing, we find that respondent has established that underpayments occurred in each of the taxable years in issue. To meet the burden of establishing fraud, respondent must show intentional wrongdoing by petitioner *144 with the purpose of evading a tax believed to be owing. ; , affd. . Whether fraud exists is a question of fact and is to be determined on the basis of the entire record. . Respondent may use circumstantial evidence to carry his burden of proving fraud. , affd. ; , affd. without published opinion . In , affg. , the court listed several indicia of fraud. Respondent has demonstrated the presence of sufficient badges of fraud in the instant case to support a finding of fraud. Petitioner failed to maintain complete and accurate records of his income-producing activities and failed to produce complete and *145 accurate records to respondent in connection with the examination of his income tax liabilities for the years in issue; petitioner failed to report substantial amounts of income he received during the taxable year in issue; he claimed false and fraudulent deductions on his return for the year in issue; and he used nominees and aliases to conceal income and evade tax. Based on the foregoing, we hold that petitioner is liable for the addition to tax for fraud and it is therefore unnecessary for us to address respondent's alternate determinations. Accordingly, respondent's motion for summary judgment will be granted. To reflect the foregoing, An appropriate order and decision will be entered. Footnotes
1. 50 percent of the interest due on $ 140,490.↩